■ DEBRA GUZOV et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 106357.) [776 NYS2d 821]—

In a claim, inter alia, to recover damages for wrongful death, the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Lack, J.), dated September 25, 2003, as denied their motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

This claim arises out of the death of Robert Rubino, who was killed when he allegedly lost control of his vehicle after colliding with boulders alongside the road at 715 Montauk Highway in Bay Shore. His widow, Debra Guzov, individually and as administrator of his estate, filed a claim against the defendant State of New York seeking to recover damages for the decedent's wrongful death and conscious pain and suffering. The claimants alleged that the defendant failed to maintain and repair the relevant section of Montauk Highway, a roadway under its supervision and control, as required by Highway Law § 12.

While the Court of Claims incorrectly concluded that the claimants failed to make a prima facie showing of entitlement to partial summary judgment, the motion nevertheless was properly denied because the defendant submitted evidence sufficient to raise a triable issue of fact as to whether it owned and/or controlled the property alongside the road where the accident occurred (see generally *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Mongiove v Alesci*, 268

AD2d 510 [2000]). Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.